21-457-cr
*U.S. v. Sookdeo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
JOSÉ A. CABRANES,
WILLIAM J. NARDINI,
          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                                   21-457-cr

          v.

DAVEANAN SOOKDEO,

          *Defendant-Appellant,*

KEVIN CUSTER, JONATHAN NEUFELD, CHRISTINA STARKBAUM, RENEE A. JARVIS, JOSE COMPUESTO, TIMOTHY R. JOHNSTON,

          *Defendants.**

---

*The Clerk of Court is directed to modify the caption of this case as shown above.

**FOR DEFENDANT-APPELLANT:** ANNE M. BURGER, Federal Public Defender's Office, Western District of New York, Rochester, NY.

**FOR APPELLEE:** TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a February 17, 2021 order of the United States District Court for the Western District of New York (Frank P. Geraci Jr., *Chief Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 17, 2021 order of the District Court is **AFFIRMED**.

Appellant Daveanan Sookdeo is an incarcerated individual serving a sentence of 60 months for one count of conspiracy to defraud the United States in violation of 18 U.S.C.§ 371 and one count of making a false claim in violation of 18 U.S.C. § 287. Sookdeo appeals the District Court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The District Court rejected Sookdeo's argument that his heightened vulnerability to severe symptoms from COVID-19 (due to obesity) was an extraordinary and compelling reason warranting sentence reduction. The District Court also held that, because a sentence reduction would undermine the goals of Sookdeo's sentence, the 18 U.S.C. § 3553(a) sentencing factors weighed against compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may, "after considering the factors set forth in [18 U.S.C.] Section 3553(a)," reduce a prisoner's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."[1] It is within the discretion of a district court to determine what constitute extraordinary and compelling reasons warranting sentence reduction.[2]

Here we conclude that the District Court did not abuse its discretion in determining that Sookdeo failed to establish the existence of extraordinary and compelling reasons. The record reflects that, at the time of the District Court's ruling, Sookdeo had already contracted COVID-19 and had been provided extensive and ostensibly appropriate medical care. Sookdeo disputes the accuracy of the prison record stating that he recovered from the virus by December 15, 2020 but

---

[1] 18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020).

[2] *Brooker*, 976 F. 3d at 236-37.

2

does not dispute the significant reduction in the number and intensity of his symptoms in early December 2020. We also agree with the government's argument below (apparently endorsed by the District Court) that the risk of reinfection Sookdeo asserts is too speculative and unlikely to constitute an extraordinary and compelling reason.

Because the District Court appropriately held that Sookdeo did not establish the existence of extraordinary and compelling reasons warranting sentence reduction, we need not consider the District Court's Section 3553 analysis. For the foregoing reasons, we affirm the order of the District Court.

## CONCLUSION

We have considered all Sookdeo's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the February 17, 2021 order of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk